UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


WAYNE SENVILLE; DONALD HORENSTEIN;  :
VERMONT PUBLIC INTEREST RESEARCH  :
GROUP, INC.; FRIENDS OF THE EARTH,  :
INC.; SIERRA CLUB, INC.; and  :
CONSERVATION LAW FOUNDATION,  :
  :
     Plaintiffs,  :
  :
     v.  :   Docket No. 2:03-CV-279
  :
MARY E. PETERS, in her official  :
capacity as Administrator of the  :
Federal Highway Administration;  :
and PATRICIA MCDONALD, in  :
her official capacity as Secretary :
of the Vermont Agency of  :
Transportation  :
  :
     Defendants.  :

<u>Opinion and Order</u>

Defendant Mary Peters, Administrator of the Federal Highway

Administration ("FHWA"), moves to dismiss Plaintiffs'[1] Freedom of

Information Act ("FOIA") claims for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because 1)

Plaintiffs failed to exhaust their administrative remedies, and

2) FHWA had conducted a reasonable search, producing all non-

exempt documents (Paper 70).[2]  Plaintiffs oppose FHWA's Motion to

Dismiss and move for summary judgment in their favor due to

FHWA's failure to conduct a reasonable search for records

---

[1]Only two of the six original plaintiffs, Conservation Law
Foundation and Friends of the Earth ("FOIA Plaintiffs"), filed a
FOIA request.

[2]In its motion to dismiss, FHWA raised the issue that the
Plaintiffs had not brought suit against a proper FOIA defendant.
FHWA agreed to drop that claim during the November 30, 2004
hearing.

responsive to Plaintiffs' request (Paper 72).  Plaintiffs also request the Court to order the FHWA to conduct a reasonable search for responsive documents.  For the reasons that follow, the Court **grants** FHWA's motion to dismiss and **denies** Plaintiffs' request for summary judgment as moot.

**BACKGROUND**

This matter arises out of the Plaintiffs' attempt to gain access to documents related to the fast-track environmental review of the Chittenden County Circumferential Highway ("CCCH") conducted by the FHWA and the Environmental Protection Agency between September 2002 and the summer of 2003.

On July 29, 2003, Plaintiffs made a FOIA request to FHWA's Vermont Division,[3] requesting copies of the following records:

> 1) [a]ny and all information or records, written or electronic, related to the preparation and review of the Environmental Assessment.  CCCH, Reevaluation of the 1986 FEIS . . .
> 2) Any and all information or records, written or electronic, related to FHWA or the EPA's decisions and positions, as stated in the correspondence and documents included in Section VIII, Attachment C, "Coordination under NEPA and E.O. 13274" of the aforementioned Environmental Assessment.
> 3)  Any and all information or records, written or electronic, regarding FHWA or EPA coordination under President Bush Executive Order 13274 of September 18, 2002 as it relates to the CCCH project and/or aforementioned Environmental Assessment.
> Am. Compl. ¶ 432.

Plaintiffs received an initial response from Vermont FHWA Division Administrator Charles E. Basner in a letter dated August

---

[3]FHWA is a component of the Department of Transportation. FHWA maintains several regional offices, including one in Vermont.

2

8, 2003 to Plaintiffs' Attorney Brian Dunkiel.  In Basner's
letter, he stated that he needed additional time to respond to
Plaintiffs' FOIA request.  "We regret that we are currently
unable to meet your request due to the need to search and request
records from our headquarters office as well as the extensive
files in our office, but we assure you that your request will be
processed as soon as possible."  Am. Compl. ¶ 432.  On or about
August 29, 2003, Kenneth Sikora of the Vermont FHWA Division
called Dunkiel to request an additional extension of time in
order to respond to the FOIA request.  Sikora also wrote a letter
to Plaintiffs, notifying them that an extension of time beyond
twenty working days would be required.  Sikora informed
Plaintiffs that FHWA would respond no later than September 5,
2003.

On September 10, 2003, FHWA's Vermont Division provided a
response to Plaintiffs' request.  The September 10, 2003 letter
from Basner to Dunkiel included a Vaughn index[4] of nine documents
FHWA determined was an attorney-client communications exemption.
Basner also notified Dunkiel that he had the right to appeal the
decision regarding the exemption of documents to the FHWA
Director of Administration Michael J. Vecchietti in Washington,

---

[4]The Vaughn index "must describe each document or portion
thereof withheld, and for each withholding it must discuss the
consequences of disclosing the sought-after information."  King
v. United States Dep't of Justice, 830 F.2d, 210, 223-224 (D.C.
Cir. 1987).

D.C.[5]  No documents from FHWA headquarters in Washington, D.C. or
the Department of Transportation ("DOT") were included in the
September 10, 2003 response.

Documents overlooked from the September 10, 2003 response
from the Vermont FHWA office were provided to the Plaintiffs on
or about September 16, 2003.  In a phone conversation on
September 16, 2003, Sikora informed Dunkiel that files at other
offices of the FHWA and DOT likely contained records responsive
to the organizations' request.  Sikora stated that he would try
to coordinate a FHWA headquarter response, but that Dunkiel would
need to send a separate FOIA request to FHWA headquarters and
other DOT components (Paper 70, Ex. D).[6]  The affidavits of FHWA
headquarter employees Marlys Osterhues and Richard Weingroff
confirm that the Vermont FHWA office had advised Plaintiffs to
submit a FOIA request directly to headquarters.  Weingroff Aff.;
Osterhues Aff. (Paper 70, Ex. G; Paper 76, Ex. B).

Dunkiel does not refer to Sikora's statement that he would
need to file a separate FOIA request in his September 18, 2003

---

[5]The September 10, 2003 letter stated, in part, that "the
appeal must be made in writing within 30 days after the receipt
of the letter and must include all information and arguments
relied upon in making the appeal.  A copy of your appeal letter
should be simultaneously sent to the Vermont Division Office at
the above address."  (Paper 70, Ex. E).

[6]According to Sikora's affidavit, "he [Dunkiel] needed to
direct a FOIA request to FHWA-Headquarters or the Office of the
Secretary of Transportation, if he wished to obtain documents
from them . . . My response was consistent with DOT FOIA
regulations, which provide that if the requirements of [49 C.F.R.
§ 7.14(a)] are not met, treatment of the request is at the
discretion of the agency."  Sikora Aff. (Paper 70, Ex. D).

4

letter responding to the September 16, 2003 phone call.  In a
September 18, 2003 letter, Dunkiel reminded Sikora that records
at other offices of FHWA and DOT had likely not been searched for
responsive records and that Sikora stated that all "files where
potentially relevant records may exist would now be searched."
(Paper 70, Ex. E1).

After September 18, 2003, Plaintiffs received no
communication from FHWA and DOT.  Plaintiffs never filed a FOIA
request for records outside Vermont with any other agency.

On October 9, 2003, Plaintiffs filed an appeal of FHWA's
failure to fully respond to their FOIA request to search FHWA
headquarters and other offices.  In the appeal letter to
Vecchietti, and copied to Basner, Dunkiel asserted that FHWA
failed to conduct a reasonable search and failed to disclose
documents at other FHWA and DOT offices that were within the July
23, 2003 FOIA request.[7]

Assistant U.S. Attorney Heather Ross, who was representing
FHWA, became aware of the Plaintiffs' administrative appeal on
December 8, 2003 (Paper 76, Ex. A).  Ross discussed the matter
with Plaintiffs' counsel on December 12, 2003 and in a December
17, 2003 letter documented the conversation.  In that letter,
Ross stated "[w]e also have agreed to facilitate your FOIA
request for records relating to the coordination process and the

---

[7]The October 9 appeal letter was received in the FHWA
Washington, D.C. office on October 31, 2003 and was assigned to
Information Liaison Specialist Richard Weingroff on December 8,
2003.  Weingroff Aff. (Paper 70, Ex. G).

Executive Order that are located at FHWA headquarters in
Washington, D.C., although FHWA believes that you have not
followed proper FOIA procedures." Id.  Ross anticipated the
documents could be gathered and sent to Plaintiffs within two
weeks.

On December 16, 2003, Plaintiffs filed a Motion to Amend
their Complaint to add the FOIA-related requests (Paper 6).

A January 5, 2004 letter to Dunkiel from FHWA Director of
Project Development and Environmental Review Fred Skaer states
that the agency would construe Plaintiffs' October 9, 2003 letter
as an initial FOIA request for documents located in the FHWA's
Washington office, not as an appeal for failing to make documents
available.  Skaer wrote "[i]n the interest of responsiveness,
therefore, I will respond to your October 9 letter as an initial
request for documents from our Washington Headquarters even
though it was not a properly submitted FOIA request." (Paper 70,
Ex. H).

On January 5, 2004, FHWA produced documents from the
Washington headquarters and a Vaughn index.  On January 8, 2004,
FHWA produced additional information, including a list of
documents deemed to be exempt from the FOIA disclosures.  A
January 8, 2004 letter from Skaer to Dunkiel noted that
additional documents that were on the computer of Marlys
Osterhues, who was on medical leave, could not be released.
However, if Dunkiel wanted those documents he should contact
their FOIA contact, Richard Weingroff, who would follow-up with

6

Osterhues when she returned from medical leave.

The Motion to Amend the Complaint to include the FOIA-related claims was granted by the Court on January 20, 2004.  The Amended Complaint was filed on March 9, 2004 (Paper 39).

DISCUSSION

I.   **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

    A.   **Federal Jurisdiction under FOIA**

FOIA emphasizes "'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.'" <u>United States Dep't of Defense v. Fed. Labor Relations Auth.</u>, 510 U.S. 487, 494 (1994) (quoting <u>United States Dep't of Air Force v. Rose</u>, 425 U.S. 352, 360-361 (1976)).  The purpose of FOIA is to contribute to the public understanding of the operations and activities of the government. <u>Id.</u>

Federal subject matter jurisdiction in a FOIA case "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" <u>United States Dep't of Justice v. Tax Analysts</u>, 492 U.S. 136, 142 (1989) (citation omitted). <u>See</u> 5 U.S.C.A § 552(a)(4)(B) (2002).  FOIA matters are reviewed de novo, with the nondisclosing agency bearing the burden of justifying nondisclosure.  5 U.S.C.A § 552(a)(4)(B).  "The defending agency has the burden of showing that its search was adequate." <u>Carney v. United States Dep't of Justice</u>, 19 F.3d 807, 812 (2d Cir. 1994).

On a motion to dismiss for lack of subject matter

jurisdiction, the party asserting jurisdiction bears the burden
of alleging "a proper basis for jurisdiction in his pleadings and
must support those allegations with 'competent proof' if a party
opposing jurisdiction properly challenges those allegations."
Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).
Evidence outside the pleadings, such as affidavits, can be used
to challenge or support subject matter jurisdiction.  Antares
Aircraft, L.P. v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2d
Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).  All
material factual allegations in the complaint are accepted as
true, however, "argumentative inferences favorable to the party
asserting jurisdiction should not be drawn."  Atlantic Mut. Ins.
Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir.
1992).

   **B.  Steps a FOIA Requestor Must Follow**

   Each agency sets forth the steps a requestor must take to
obtain agency records.  See 5 U.S.C.A. § 552(a)(3)(A).  According
to 49 C.F.R. Part 7, the regulations that implement FOIA at DOT,
a person requesting records must make a written request for the
record, indicating that the request is being made under FOIA.
The request should be submitted in writing to the "DOT component
where records are located."  49 C.F.R. § 7.15 (1998).  The FOIA
request should be addressed to the appropriate office, as
designated in §7.15.  49 C.F.R. § 7.14.  "Certain DOT components
also maintain FOIA contacts at regional offices . . .  Additional
information on the location of these offices can be obtained

through the FOIA contact offices listed." 49 C.F.R. § 7.15(f). Moreover, if a requestor does not know where in DOT the records are located, he or she can make an inquiry to the FOIA Division Chief at the Office of General Counsel. 49 C.F.R. § 7.15(g). The request should state the format in which the information is sought. If a person does not fulfill the request requirements, "treatment of the request is at the agency's discretion. The twenty day limit will not start to run until the request has been identified." 49 C.F.R. § 7.14(b).

The DOT FOIA webpage notes that "you [FOIA requestor] must submit your request to the DOT organization that may have the records[8] you are looking for." Freedom of Information Act, Final Rule, 49 C.F.R. Part 7, *available at* http://www.dot.gov/foia. FHWA, as a DOT component, also provides a description of how to make a FOIA request on its webpage. The FHWA's FOIA webpage confirms that "[w]ritten requests for information under the Freedom of Information Act should be sent to the appropriate field or Headquarters office and the envelope in which the request is sent should be prominently marked with the letters 'FOIA'." FHWA FOIA Request Guide (last modified on April 30, 2001), *available at* http://www.fhwa.dot.gov/foia/guide.

A requester can appeal a FOIA denial. The appeal must be

---

[8]"Record" includes any writing, drawing, map, recording, tape, film, photograph, or other documentary material by which information is preserved. The term also includes any such documentary material stored by computer. 49 C.F.R. § 7.1.

made in writing within thirty days from the date of receipt of the original denial.  49 C.F.R. §7.21(d).  "Any person who has not received an initial determination on his or her request within the time limits established . . . can seek immediate judicial review, which may be sought without the need first to submit an administrative appeal."  49 C.F.R. §7.21(c).  Judicial review can be sought in the United States District Court in which the requestor resides.  Id.  Otherwise, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial, and thereby exhausted his administrative remedies.  5 U.S.C.A. § 552(a)(6)(A)(ii).

**C.   Government Agency's Obligation in Responding to a FOIA Request**

In response to a FOIA request, an agency has a number of obligations.  5 U.S.C.A. § 552.  First, an agency must conduct a reasonable search for responsive records:

> DOT will make a reasonable effort to search for requested records in electronic form or format, unless doing so would significantly interfere with operation of the affected automated information system . . .  If a requested record is known not to exist in the files of the agency, or to have been destroyed or otherwise disposed of, the requestor will be so notified.

49 C.F.R. § 7.14 (e)(2); (f).  FOIA defines "search" as meaning "to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request."  5 U.S.C.A. § 552 (a)(3)(D).

FOIA requires agencies of the federal government to promptly

10

release requested information to the public unless a specific statutory exemption applies.[9]  5 U.S.C.A. § 552(b).  Agencies declining to produce requested documents must demonstrate that the claimed exemption applies.  5 U.S.C.A. § 552(a)(4)(B).

Once a valid request has been received, an agency has twenty days to respond to the request.  5 U.S.C.A. § 552(a)(6)(A)(i). An initial determination whether to release a record requested is made within twenty working days after the request is received by the appropriate office.  49 C.F.R. § 7.31.  This time limit may be extended by ten federal working days.  Id.  The person making this request will be notified whether the time limit will be

_____

[9]An agency head may exempt from release under subsection (a) specific information, that would--
(1) constitute an unwarranted invasion of personal privacy;
(2) reveal the identity of a confidential human source, or reveal information about an intelligence source or method when the unauthorized disclosure of that source or method would damage the national security interests of the United States;
(3) reveal information that would assist in the development or use of weapons of mass destruction;
(4) reveal information that would impair United States cryptologic systems or activities;
(5) reveal information that would impair the application of state-of-the-art technology within a United States weapon system;
(6) reveal United States military war plans that remain in effect;
(7) reveal information that would impair relations between the United States and a foreign government, or undermine ongoing diplomatic activities of the United States;
(8) reveal information that would impair the current ability of United States Government officials to protect the President, Vice President, and other officials for whom protection services are authorized in the interest of national security;
(9) reveal information that would impair current national security emergency preparedness plans; or
(10) violate a treaty or other international agreement.
5 U.S.C.A. § 552(b)(1-9).

extended.  If a determination is made by the agency to grant the request, "the record will be made available as promptly as possible."  Id.

If the agency determines that the request should be denied, the person making the request will be notified in writing of that determination.  Id.  The agency must notify the person making the request of such determination and the right of a person to appeal to the head of the agency any adverse determination.  An agency has twenty days to consider such an appeal.  5 U.S.C.A. § 552(a)(6)(A)(ii).  Under unusual circumstances, either of these time periods can be extended ten additional days.  5 U.S.C.A. § 552(a)(6)(B)(i).

**D.   Exhaustion of Administrative Remedies**

A requester seeks judicial review of an agency's FOIA determination only after he or she has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his or her administrative remedies.[10]  5 U.S.C.A. § 552(a)(6)(A)(ii). Exhaustion of the prescribed administrative remedy is required in FOIA cases before a party can seek judicial review.  Dettman v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  Exhaustion of administrative remedies is generally required "so that the agency has an opportunity to exercise its

_____

[10]FOIA and DOT regulations state that FHWA has within twenty days (not including holidays, Saturdays and Sundays) to respond to a properly filed administrative appeal.  5 U.S.C.A. § 552(a)(6)(A)(ii); 49 C.F.R. § 7.32(a).

12

discretion and expertise on the matter and to make a factual record to support its decision." Wilbur v. Cent. Intelligence Agency, 355 F.3d 675, 677 (D.C. Cir. 2004) (quotation omitted). The requirement that litigants must exhaust their administrative remedies also ensures that there is no "premature interruption of the administrative process" and that the administrative agency involved has an opportunity to rectify its own mistakes. McKart v. United States, 395 U.S. 185, 193-94 (1969). A sufficient response to an administrative appeal includes the agency's determination of whether or not to comply with the request, the reason for its decisions and notice of the right of the requestor to appeal to the head of agency if the initial agency decision is adverse. 5 U.S.C.A. § 552(a)(6)(A)(I). A person is deemed to have constructively exhausted his or her administrative remedy, however, "if the agency fails to comply with the applicable time limit provisions," including the twenty day time limit to respond to an appeal and the twenty day time limit to respond to a FOIA request. 5 U.S.C.A. § 552(a)(6)(A). "Once constructive exhaustion occurs, any available administrative appeal--i.e., actual exhaustion--becomes permissive in the sense in which the term is used here; the requester may pursue it, but his failure to do so does not bar a lawsuit." Spannaus v. United States Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987) (citations omitted). The constructive exhaustion provision "under 5 U.S.C.A. § 552(a)(6)(c) allows immediate recourse to the courts

13

to compel the agency's response to a FOIA request." <u>Oglesby v.</u>
<u>United States Dep't of the Army</u>, 920 F.2d 57, 64 (D.C. Cir.
1990).

However, "if the agency responds to a FOIA request before
the requester files suit, the constructive exhaustion provision
in 5 U.S.C.A. § 552(a)(6)(C) no longer applies; actual exhaustion
of administrative remedies is required." <u>Id.</u> at 61.  "This
interpretation of the exhaustion provision of the FOIA is
consistent with the structure of the statute." <u>Id.</u> at 64.  In
<u>Oglesby</u>, the court recognized that FOIA allows a government
agency to have the benefit of the full administrative process
before a suit is filed.  <u>Id.</u>  "[A]n administrative appeal is
mandatory if the agency cures its failure to respond within the
statutory period by responding to the FOIA request before suit is
filed." <u>Id.</u> at 63.  A FOIA suit should be dismissed when
plaintiff failed to follow the administrative appeal process.
<u>RNR Enter., Inc. v. S.E.C.</u>, 122 F.3d 93, 98 (2d Cir. 1997).
"If the agency responds to the request after the twenty-day
statutory window, but before the requester files suit, the
administrative exhaustion requirement still applies." <u>Judicial</u>
<u>Watch, Inc. v. Rossotti</u>, 326 F.3d 1309, 1310 (D.C. Cir. 2003)
(citing <u>Oglesby</u>, 920 F.2d at 64-65).  "Under FOIA's statutory
scheme, when an agency fails to comply in a timely fashion to a
proper FOIA request, it may not insist on the exhaustion of
administrative remedies, see 5 U.S.C.A. § 552(a)(6)(c), unless

14

the agency responds to the request before suit is filed."
Pollack v. United States Dep't of Justice, 49 F.3d 115, 118 (4th
Cir. 1995) (citation omitted).

FHWA contends that Plaintiffs have not constructively or
actually exhausted their administrative remedies.  Plaintiffs
claim that they actually exhausted their administrative remedies
by appealing the Vermont Division's September 10, 2003 response
to the responsible official, and that FHWA had an obligation to
disclose documents at FHWA headquarters in response to their July
29, 2003 request.  Plaintiffs also argue that they constructively
exhausted their administrative remedies prior to filing suit
because FHWA failed to respond within twenty days of receipt of
their October 9, 2003 FOIA appeal letter.

## II. Findings

The Court finds Plaintiffs have failed to exhaust their
administrative remedies and that, as a result, the Court lacks
subject matter jurisdiction to address the FOIA claims.  A FOIA
requestor has the obligation to make sure that a properly filed
FOIA request is sent to the appropriate office.  "An agency's
obligations commence upon receipt of a valid request; failure to
file a perfected request therefore constitutes failure to exhaust
administrative remedies."  Dale v. I.R.S., 238 F. Supp. 2d 99,
103 (D.D.C. 2002) (citation omitted).

While there was some confusion by both the Plaintiffs'
counsel and the Vermont regional FHWA office about whether the

15

initial FOIA request would involve the "need to search and
collect records from our headquarters office" (Paper 70, Ex. B),
the language in the DOT FOIA regulations is clear.  Pursuant to
DOT regulations, "[e]ach person desiring a record . . . should
submit a request in writing . . . to the DOT component where the
records are located."  49 C.F.R. § 7.15.  The Vermont FHWA office
was not required to help facilitate the collection of records
from other offices.  Plaintiffs' initial July 29, 2003 FOIA
request to the Vermont FHWA office required the FHWA to conduct a
responsive and reasonable search of Vermont offices.  Moreover,
Plaintiffs had been advised by the Vermont FHWA office to file a
FOIA request with the FHWA headquarter office to obtain records
outside of Vermont.  However, Plaintiffs never filed a proper
FOIA request for those records.

The October 9, 2003 letter appealed a FOIA request for
records at the FHWA headquarters that had never been made by
Plaintiffs.  Since the Plaintiffs did not make a proper FOIA
request to FHWA headquarters and other offices, FHWA was under no
obligation to comply with the twenty day time limit for an appeal
of its failure to conduct such a search.  If FOIA request
requirements are not properly fulfilled, FHWA has the discretion
to decide whether to respond to Plaintiffs' improperly filed
request.  49 C.F.R. § 7.14(b).

Plaintiffs claim that they made a proper FOIA request

16

according to the FOIA Request Guide on the FHWA website, which
states that "[e]xamples of records for which requests may
properly be made to the FHWA Federal-aid Division Offices . . .
1) Copies of records pertaining to specific Federal-aid highway
projects." FHWA FOIA Request Guide (last modified on April 30,
2001), *available at* http://www.fhwa.dot.gov/foia/guide. The FHWA
FOIA Request Guide also notes that FOIA requests should be sent
to the appropriate field or Headquarters office. Id. While
records relating to specific highway projects may be made to FHWA
division offices, the Request Guide simply provides examples of
where the records may be requested. The language in the Request
Guide is not determinative; the DOT FOIA regulations clearly
require that separate requests must be made to the DOT component
where the records are located. Since Plaintiffs failed to make a
proper FOIA request, constructive exhaustion does not apply to
their request for documents located in other FHWA offices.
Assuming the December 16, 2003 Motion to Amend would have
triggered jurisdiction, Plaintiffs cannot rely on constructive
exhaustion because they never made a proper request to the
appropriate agency.

Once FHWA, within in its discretion, treated the October 9,
2003 appeal as an initial request for additional records from
FHWA headquarters, Plaintiffs were required to actually exhaust
all remedies. Actual exhaustion of administrative remedies is
required if the agency responds to a FOIA request before the

17

requester files suit.  Oglesby, 920 F.2d at 61.  Plaintiffs were
required to actually exhaust all administrative remedies because
FHWA began responding to the October 9, 2003 letter as an initial
FOIA request before Plaintiffs commenced judicial action.  The
FOIA documents from FHWA headquarters were produced in early
January 2004.  Once an agency responds to a FOIA request, even
past the deadlines provided for in U.S.C.A. § 552(a)(6)(A), the
requestor must pursue the next level of administrative review
before seeking judicial review.  Id. at 64.  The Plaintiffs'
commencement of judicial action while FHWA was responding to the
FOIA request created a premature interruption of the
administrative process.

FHWA notified Plaintiffs in mid-December 2003 that their
October 9, 2003 filing constituted a valid FOIA request for
documents located within FHWA headquarters.  The notice of the
valid FOIA request began the running of the relevant time periods
for FHWA to comply with the FOIA request.  Plaintiffs brought the
FOIA complaint before the time expired for FHWA to comply with
the FOIA request and without pursuing administrative remedies.
In light of the confusion surrounding Plaintiffs' FOIA appeal, it
would be reasonable to allow Plaintiffs to pursue their
administrative appeals even though the agency's appeal deadlines
have expired.  See Oglesby, 920 F.2d at 65 (where appellant was
permitted to pursue his appeals before the administrative

18

agencies regardless of the expiration of the agencies' appeal deadlines).  Plaintiffs may pursue their administrative appeals within thirty days from the Court's decision.

The Plaintiffs neither actually nor constructively exhausted their administrative remedies before pursuing judicial action over FHWA's failure to timely provide records from FHWA headquarters pertaining to CCCH.  Thus, the Court lacks subject matter jurisdiction over this claim.

**III.  Motion for Summary Judgment**

Plaintiffs' Motion for Summary Judgment is, accordingly, **denied** as moot.

### CONCLUSION

For the foregoing reasons, the Court **grants** FHWA's motion to dismiss.

Dated at Burlington, Vermont this 22nd day of February, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge