UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

WAYNE SENVILLE; DONALD HORENSTEIN;  :
VERMONT PUBLIC INTEREST RESEARCH    :
GROUP, INC.; FRIENDS OF THE EARTH,  :
INC.; SIERRA CLUB, INC.; and        :
CONSERVATION LAW FOUNDATION,        :
                                    :
      Plaintiffs,                   :
                                    :
            v.                      :     Case No. 2:03-cv-279
                                    :
J. RICHARD CAPKA in his official    :
capacity as Administrator of the    :
Federal Highway Administration      :
(FHWA), and NEALE LUNDERVILLE in    :
his official capacity as            :
Secretary of the Vermont Agency of  :
Transportation (VTrans),            :
                                    :
      Defendants.                   :

**MEMORANDUM OPINION and ORDER**

Before the Court is Plaintiffs' Revised and Second Supplemental Petition for Award for Attorneys' Fees and Expenses (Doc. 155).  Defendant Federal Highway Administration ("FHWA") has opposed the award of attorneys' fees, contending that its position was substantially justified, among other grounds.  For the reasons that follow, the Court concludes that the Government's position in this litigation was substantially justified within the meaning accorded to that phrase under the Equal Access to Justice Act ("EAJA").  Plaintiffs' fee petition is therefore denied.

I.    **Background**

      Plaintiffs filed suit in October 2003 seeking a

determination that the Defendants' evaluation of the proposed
Chittenden County Circumferential Highway ("CCCH") violated the
National Environmental Policy Act ("NEPA"), Section 4(f) of the
Department of Transportation Act, and associated regulations.
Central to the Defendants' analysis was FHWA's decision to adopt
and rely upon a Final Environmental Impact Statement ("FEIS")
prepared by the state transportation agency ("VTrans") in 1986.
Plaintiffs alleged that FHWA illegally adopted the FEIS in 2002.
They also alleged that Defendants' subsequent reevaluation of the
FEIS was illegal because their Final Revised Environmental
Assessment ("FREA") prepared in 2003 did not adequately consider
alternatives to the proposed CCCH; improperly segmented the
analysis of its environmental impacts; and did not adequately
evaluate its effect on threatened and endangered species,
traffic, sprawl, air quality, water resources, noise,
environmental justice issues, and its cumulative and indirect
impacts.

This Court granted Plaintiffs' motion for partial summary
judgment on May 10, 2004.  Although it rejected the majority of
the Plaintiffs' arguments, it found that the adoption of the 1986
FEIS was illegal under NEPA because the FEIS failed to provide an
adequate discussion of cumulative and secondary environmental
impacts, and did not provide adequate justification for use of
Section 4(f) properties.  It also found that the FREA was

inadequate under NEPA because it failed to consider alternatives to the proposed project and failed to evaluate adequately the CCCH's cumulative and indirect impacts.  The Court therefore granted the injunction sought by the Plaintiffs and required the Defendants to comply with NEPA before continuing construction of the CCCH.

The government moved to alter or amend the opinion, which the Court denied, finding that the Defendants had not shown any clear error of law or fact.  The Defendants also filed an appeal to the Second Circuit which they voluntarily dismissed after the U.S. Solicitor General refused to authorize FHWA to proceed with an appeal.

Plaintiffs filed a renewed fee petition on February 19, 2007 and a revised and supplemental petition on July 31, 2007.  At issue is whether the government's position in this litigation was substantially justified.

## II.   Discussion

Under the EAJA a court awards to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A). In *Pierce v. Underwood*, 487 U.S. 560, 565 (1988), the United

3

States Supreme Court construed the term "substantially justified" to mean "'justified in substance or in the main'" -- that is, justified to a degree that could satisfy a reasonable person," or, in other words, having a "'reasonable basis both in law and fact.'" *Accord Federal Election Comm'n v. Political Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir. 1993) ("the government must show that its position, both administratively and before the courts, had a reasonable basis in both law and fact"). Recently the Second Circuit has reiterated the standard as requiring the government to "make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce*, 487 U.S. at 565; *Envtl. Def. Fund v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983)).  The burden is on the government to show that its position was substantially justified. *See id.*

Either the government's prelitigation conduct or its litigation position may be sufficiently unreasonable to render its entire position without substantial justification. *Id.*  The government's position is evaluated as a whole, however. *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990).  The government's position may be substantially justified under EAJA standards even if on the merits a court found it had acted arbitrarily and capriciously, if reasonable grounds for disagreement existed at the time it took the position.  *See FEC v. Rose*, 806 F.2d 1081,

1088-89 (D.C. Cir. 1986).

The government prevailed on by far the majority of the issues posed by the lawsuit.  Although the issues on which the government did not prevail controlled the outcome of the decision, overall FHWA's prelitigation conduct and its litigation position were substantially justified.

**A.   Adoption of the 1986 FEIS**

In 2002 FHWA determined that it needed to adopt the 1986 FEIS prepared by VTrans.  The need for adoption pursuant to 40 C.F.R. § 1506.3 was not challenged.  This Court concluded that the document did not satisfy all of the requirements of an EIS. Significantly, the FEIS neglected to analyze the cumulative impact that the CCCH would have in conjunction with other major development projects, and it failed to address adequately the likely secondary impacts on agricultural land.

FHWA also apparently made the judgment that any deficiencies in the FEIS could be cured by addressing them in the FREA, and that its environmental documents, taken as a whole, were adequate for NEPA purposes.  This Court concluded that FHWA could not validly adopt a deficient FEIS, regardless of what FHWA undertook in the way of additional environmental analysis.

It bears noting that FHWA faced a unique situation, where the initial responsibility for preparing the EIS rested with the state of Vermont, pursuant to the Surface Transportation

Assistance Act of 1982.  Years after the FEIS was completed and adopted by VTrans, and some segments of the CCCH had been built, FHWA decided that further construction of segments of the CCCH could not be authorized unless it adopted the FEIS.

Ordinarily, a complete failure to address a NEPA requirement would indicate that the government's position was not substantially justified.  *See e.g., Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996) ("A finding that an agency's position was substantially justified when the agency's position was based on violations of . . . federal statute or the agency's own regulations, constitutes an abuse of discretion."). Given the lack of clarity or guidance concerning the appropriate procedure to follow under these circumstances, FHWA's concentration on updating the old FEIS in the FREA, and its focus on the segments to be constructed, had a reasonable basis.

**B.   Section 4(f) analysis in the FEIS**

FHWA overlooked the failure of the FEIS to justify use of Section 4(f) properties because FHWA was concentrating on environmental documentation for the segments currently under consideration, which did not involve the use of Section 4(f) properties.  The Court viewed the issue more broadly, concluding that if FHWA adopted the entire FEIS pursuant to 40 C.F.R. § 1506.3, the entire FEIS must meet the standards for an adequate statement.  FHWA's position under these unprecedented

circumstances however had a reasonable basis in fact and little to no analogous case law on which to rely.

## C.    Consideration of alternatives in the FREA

The Court also found that the FREA's discussion of alternatives did not comply with CEQ regulations requiring that the agency provide a brief description of appropriate alternatives to the recommended course of action.  *See* 40 C.F.R. § 1508.9(b).  The FREA's "alternatives" were limited to alternate routes for the segments; it summarily dismissed alternatives to construction of the segments as not having met the project's purpose and need in 1986.  FHWA deemed that its "reevaluation" need not reconsider old alternatives or discuss new ones, even briefly, because the purpose of the FREA was to consider whether there were new significant impacts since the preparation of the FEIS.

This interpretation exploits a gap between the requirements for an Environmental Assessment ("EA") set forth in 40 C.F.R. § 1508.9 and FHWA's authority to prepare an EA to "assess the impacts of . . . changes, new information, or new circumstances" to determine their significance.  23 C.F.R. § 771.130(c).  FHWA considered that its EA need only evaluate new information.  The Court deemed the specific requirements of 40 C.F.R. § 1508.9 to control the content of an EA authorized under 23 C.F.R. § 771.130(c).  Given that the purpose of the EA was to reevaluate a

previously approved project, the absence of case law, and FHWA's
own guidelines that endorsed referencing the previous EIS for
alternatives that FHWA considered unchanged, FHWA's judgment that
it need not include a description of alternatives to the CCCH in
the FREA had a reasonable basis.

**D.    Analysis of cumulative impacts in the FREA**

With respect to the deficiencies this Court found in the
FREA's analysis of cumulative impacts, FHWA stressed that it
relied on *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d
430 (5th Cir. 1981), in which the plaintiffs sought to enjoin
construction of several projects to widen interstate highways in
and around Atlanta, Georgia.  In affirming the district court's
denial of plaintiffs' motion for preliminary injunction, the
Fifth Circuit panel held that the district court did not abuse
its discretion when it failed to require that the projects' EIS
consider the cumulative environmental effects of the proposed
highways.  It quoted *Vermont Yankee Nuclear Power Corp. v.
Natural Resources Defense Council*, 435 U.S. 519, 548 (1978), a
challenge to the adequacy of rulemaking proceedings, in support
of its holding that NEPA requires only that an agency comply with
the "statutory minima," and has done so if the underlying data
base includes effects from other approved and proposed projects.
*Piedmont Heights*, 637 F.2d at 441.  Although this Court
respectfully disagreed with the Fifth Circuit's brief analysis,

and did not find *Vermont Yankee* analogous, FHWA's position had a reasonable legal basis.

## III. <u>Conclusion</u>

The Court finds that FHWA reasonably believed that the 1986 FEIS and the FREA complied with NEPA, and reasonably believed that they provided adequate documentation of the environmental impacts of and adequate consideration of alternatives to the CCCH.  Thus the Government has shown substantial justification for its position, and the Plaintiffs' petition is denied.  It is therefore unnecessary to address the Government's argument that special circumstances make an award of fees unjust, although the Court believes that the Government has not shown any special circumstances that would weigh against making an award.

FHWA's request for attorneys' fees contained in its Reply Memorandum dated August 17, 2007 (Doc. 174) is hereby also denied.  The remaining outstanding motions (Docs. 126, 127, 142, 143, 144, 153, 162, 168, 169, 176 & 178) are denied as moot.


Dated at Burlington, in the District of Vermont, this 21st day of March, 2008.


/s/ William K. Sessions III
William K. Sessions III
Chief Judge
U.S. District Court
